412 So.2d 1335 (1982)
STATE of Louisiana
v.
James BELL.
No. 81-KA-1919.
Supreme Court of Louisiana.
April 5, 1982.
Rehearing Denied May 14, 1982.
*1336 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul J. Carmouche, Dist. Atty., Charles Kelly, Robert W. Gillespie, Jr., Asst. Dist. Attys., for plaintiff-appellee.
Howard M. Fish, Shreveport, for defendant-appellant.
SAVOIE, Justice Ad Hoc.[*]
This matter comes before this Court on one (1) assignment of error: "The trial court erred in imposing an excessive sentence in violation of Article I, Section 20 of 1974 Louisiana Constitution".
Defendant, James Bell, was charged by grand jury indictment with the March 10, 1979 aggravated rape of his nine-year-old niece, a violation of R.S. 14:42. As the result of a plea bargain, defendant withdrew his former dual plea of "not guilty and not guilty by reason of insanity," entering a plea of guilty to the lesser offense of attempted aggravated rape on February 19, 1981, with the further understanding that the sentence to be imposed would not exceed ten years. He was sentenced on May 28, 1981, to serve ten years at hard labor and appeals on the basis that the sentence is excessive.
The defendant, at the time a twenty-nine year old married father of two daughters, had sexual relations with his nine year old niece. He is of marginal intelligence and, sometime after his arrest, was found to be incapable of assisting in his own defense and was committed to Feliciana Forensic Facility. After a year of treatment and regular administration of the drug, Thorazine, he was certified competent and returned for trial. At this point, a plea bargain arrangement was made whereby Bell would be permitted to plead guilty to the lesser crime of attempted aggravated rape and would be guaranteed a sentence not to exceed ten years at hard labor. The trial judge concurred in this arrangement and the plea was entered. The judge ordered a pre-sentence investigation performed and, after reading the report, he pronounced sentence, stating his reasons therefor in detail. There is no need to recapitulate here all that the judge said, except to state that his remarks represent a studied and conscientious compliance with Code of Criminal Procedure Article 894.1, which provides a statutory guide to the exercise of judicial sentencing discretion and requires the sentencing judge to "state for the record the considerations taken into account and the factual basis therefor in imposing sentence".
It has been held by this court that where a specific sentence has been agreed to as a consequence of a plea bargain, that sentence cannot be appealed as excessive and there is no need for the trial judge to give reasons for the sentence as required by Article 894.1, State v. Curry, 400 So.2d 614 (La.1981). This continues to be true. But we commend Judge Clark for the practice followed here, where he put a ceiling on the sentence he would impose, but judiciously refused to agree to a particular sentence until he had been made fully aware of the circumstances of the crime by a careful investigation made on his orders.
*1337 In this case, Judge Clark imposed the maximum sentence within the limits to which he had agreed when he accepted the plea of guilty. The statement of his reasons shows his close familiarity with the defendant's history and the circumstances of the crime. As stated there, James Bell had no criminal history, had a good work record, and had a history of mental disease which, at the time of sentencing, was, apparently, under control.
Judge Clark also found several aggravating circumstances present in this case. Without indicating exactly what information in the PSI he was relying on, the judge stated that "it is clearly indicated to this Court that (the defendant) is a sexual deviate". The court further noted that the victim of the crime was a nine-year-old child, and that, in fact, the evidence indicated a completed act of aggravated rape had taken place.
As a general rule, a sentence is excessive "if it is grossly out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering." State v. Bonanno, 384 So.2d 355, 357 (La. 1980). In the present case, defendant's admitted intercourse with a nine-year-old girl subjected him to a probable conviction of aggravated rape and an attendant sentencing exposure of life imprisonment, La.R.S. 14:42, a penalty which the accused's plea dramatically reduced. Admittedly, the defendant's mental instability played a large role in the State's decision to negotiate his plea. Under these circumstances, the defendant has little reason to complain.
The sentence is affirmed.
AFFIRMED.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I respectfully concur.
This case illustrates that State v. Curry, 400 So.2d 614 (La.1981) tends to confuse, rather than assist, sentence review and should be overruled. Does the majority read Curry to require that a plea bargain by a defendant of marginal intelligence, entered during his temporary Thorazine induced mental competency, bars this court from reviewing his sentence for constitutional excessiveness? Or, did the majority review the excessiveness of the sentence and find that the record as a whole justifies the punishment, mainly because the defendant received a ten year hard labor, but parolable, sentence after being allowed to plead guilty to attempted aggravated rape although the evidence indicates the rape was completed upon the nine year old victim? I believe the sentence should be affirmed on the latter basis only. Moreover, if this court were to treat a plea bargain as merely one circumstance to be considered in reviewing a sentence rather than a basis for a per se rule cutting off review entirely, it would promote more clarity and fairness in our penalty reviews.
NOTES
[*] Judges Shortess, Carter and Savoie of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Dennis, Blanche, Watson and Lemmon.