427 So.2d 1284 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Tommy L. BROWN, Defendant-Appellant.
No. 15181-KA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1983.
Timothy R. Fischer, Asst. Indigent Defender, Shreveport, for defendant-appellant.
Carey T. Schimpf, Asst. Dist. Atty., Shreveport, for plaintiff-appellee.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
SEXTON, Judge.
The defendant herein, having been originally charged by bill of information with the offense of purse snatching, pled guilty to the offense of simply robbery. Subsequent to a sentence of 4 years at hard labor, he now appeals that sentence asserting by assignment of error that the trial court erred in imposition of sentence.
This offense occurred on September 17, 1981, when the victim, Mrs. Lee Bamburg, *1285 was using a pay telephone outside a TG & Y store in Shreveport. She placed her purse on top of the pay phone booth and this defendant grabbed her purse and ran. Two truck drivers who viewed the incident yelled at the defendant causing him to drop the purse. They thereafter chased him into a wooded area nearby. Police officers arrived shortly and found the defendant hiding in the vicinity behind a tractor trailer rig. After the defendant had been placed in a police car, Mrs. Bamburg on her own volition approached the officer driving the squad car to identify the defendant as the person who took her purse.
Subsequent to being billed for the offense of purse snatching, the defendant pled guilty as a result of plea negotiations to the offense of simple robbery with the understanding that he would not receive more than 4 years at hard labor. It should be noted that this 22 year old defendant had two previous felony convictions for theft and burglary. If adjudged a third felony offender, after conviction of the instant offense, he would have been subject to a minimum of 10 years and a maximum of 40 years at hard labor. The State had apparently indicated its intent to charge the defendant as a multiple offender if successful in the purse snatching prosecution. We should also note that the maximum penalty for purse snatching, which the facts of the case support, is 20 years at hard labor with a minimum of 2 years in jail. See LSA-R.S. 14:65.1.
Our learned and competent trial brother below conducted an exhaustive examination of the defendant before accepting the plea. He made certain that the defendant understood that he was facing up to 4 years at hard labor and that a pre-sentence investigation would be ordered to determine ... "[I]f you should receive less than the four years, ..."
At the sentencing the trial judge again made several inquiries of the defendant with respect to his satisfaction with the plea, noted that the defendant was originally charged with an offense for which he could have received a minimum of 2 and a maximum of 20 years and furthermore, if convicted as charged and adjudged as a multiple offender, would have been a third felony offender subject to a minimum sentence of 10 years and a maximum of 40 years. He then imposed a sentence of 4 years at hard labor.
The circumstances of this offense and this youthful defendant's substantial previous record clearly support the sentence imposed. Furthermore, where the defendant pleads guilty as a result of plea negotiations with the understanding that there is a ceiling on the sentence which will be imposed, he may not complain of an excessive sentence nor is there a need for the trial judge to give reasons for the sentence as required by LSA-C.Cr.P. Art. 894.1. State v. Bell, 412 So.2d 1335 (La.1982); State v. Curry, 400 So.2d 614 (La.1981).
The sentence complained of is affirmed.