KNOLL, Judge.
Defendant, Gary Paul Miller, was charged with simple burglary in violation of LSA-R.S. 14:62. Pursuant to a plea bargain, defendant pleaded guilty and was sentenced to serve four years at hard labor. Defendant appeals his sentence on grounds that it is excessive and that the trial court failed to follow the sentencing guidelines set forth in C.Cr.P. Article 894.1. We affirm.
FACTS
In November 1983, defendant unlawfully entered a mobile home belonging to Donald Vailes, located five miles southwest of Zwolle, Louisiana, and stole seven guns valued at $1500. He later sold the guns to an unidentified individual in Shreveport. No restitution was made or offered.
ARTICLE 894.1 and EXCESSIVENESS
Article I § 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty imposed must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Smack, 425 So.2d 737 (La.1983); State v. Campbell, 404 So.2d 1205 (La.1981). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Spencer, 374 So.2d 1195 (La.1979).
The maximum sentence for simple burglary is imprisonment at hard labor for twelve years and a $2000 fine. LSA-R.S. 14:62. Defendant’s sentence of four years falls within the statutory limits. However, it is judicially recognized that a sentence, although within the statutory limits, may violate defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing court’s reasons for imposition of sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981).
LSA-C.Cr.P. Art. 894.1 provides criteria for consideration in determining whether a sentence is excessive. State v. Sepulvado, supra. Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in Article 894.1, the record must reflect that adequate consideration was given to these codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983). The sentencing court’s failure to comply with Article 894.1 does not necessitate the invalidation of a sentence or warrant a remand for resentencing if the record clearly illuminates and supports the sentencing choice. State v. Smith, 430 So.2d 31 (La.1983).
In the present case, defendant contends the sentencing court failed to consider the following mitigating factors: his family stability; his dependents; his potential for rehabilitation; his mental state; and his employment record. Defendant further contends that the sentencing court failed to state a factual basis for the record. We disagree.
Before defendant entered his guilty plea, the sentencing court instructed the assistant district attorney to state a factual basis for the record, which we quote herein:

“Your Honor, the State contends that on or about the 18th day of November of 1983 Mr. Gary Paul Miller committed the offense of Simple Burglary by unlawfully entering a mobilehome [sic] residence belonging to Mr. Donald Vailes, located off of Blue Lake Road about five miles Southwest of Zwolle, Louisiana, and that while he was in the residence that he took from the residence approximately eleven firearms, 
*917
and took them away from the premises.”

The sentencing court stated the following:

“THE COURT: This Defendant plead [sic] guilty to Simple Burglary of a home belonging to Donald Vailes from which seven guns valued at $1500.00 were stolen and sold by this Defendant to some party whose name is not available, no restitution was made. This Defendant has previously been sentenced as a felon on an Aggravated Burglary charge in Caddo Parish, and is presently awaiting sentence on another Simple Burglary in Bossier Parish. Are you twenty-eight (28) years old?

THE DEFENDANT: Yes, sir.

THE COURT: Let his age be fixed at twenty-eight years. Do you have any statements that you want to make at this time?

MR DYESS: No sir, Your Honor.

THE COURT: The Court is assigning Written Reasons for sentence which is being imposed at this time and Written Reasons will be filed in the record.”

In its written reasons for sentence, the court indicated that it had reviewed the pre-sentence investigation report, which contained information concerning the defendant’s employment status, family and educational background, religion, health and prior offenses. The court further considered the following aggravating circumstances: defendant had a juvenile record; defendant’s prior felony as an adult was an aggravated burglary offense in Caddo Parish; defendant was awaiting sentence on another simple burglary offense in Bossier Parish; defendant neither made nor offered restitution for the stolen guns; and since defendant was a second felony offender he was not entitled to a probated sentence. Under these circumstances, we cannot say that defendant’s sentence of four years at hard labor is severe or so disproportionate as to shock our sense of justice.
We find that the sentencing court adequately complied with the sentencing guidelines set forth in Article 894.1. We further find that the record clearly illuminates and supports the sentencing choice. In view of the wide discretion granted a sentencing court in imposing its sentencing choice within the statutory limits, we cannot say that the sentencing court abused its discretion. We, therefore, conclude that defendant’s sentence of four years at hard labor is not excessive.
DECREE
For the foregoing reasons, the sentence of the defendant, Gary Paul Miller, is affirmed.
AFFIRMED.