571 So.2d 710 (1990)
STATE of Louisiana, Appellee,
v.
Richard Bernard VAIL, Appellant.
No. 22124-KA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1990.
*711 Hunter, Scott, Blue, Johnson & Ross, by Louis G. Scott, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., John P. Spires, Asst. Dist. Atty., Monroe, for appellee.
Before MARVIN, C.J., and LINDSAY, and HIGHTOWER, JJ.
MARVIN, Chief Judge.
After being charged with two counts of armed robbery and two counts of conspiracy to commit armed robbery, and bargaining to plead guilty to armed robbery in return for dismissal of the other charges and for a sentence of not more than 30 years, Defendant Vail appeals, as excessive, his sentence to 25 years. The sentence limitation was to be, and the sentence imposed was, in accord with LRS 14:64, at hard labor and without benefit of parole, probation or suspension of sentence.
Finding the sentence not excessive, we affirm.

IS THE SENTENCE REVIEWABLE?
This threshold issue is created by opinions of this and other courts which contain language to the effect that
Where a defendant pleads guilty as a result of plea negotiations ... understanding that there is a ceiling on the sentence which will be imposed, he may not complain [on appeal] either that the sentence is excessive or that the trial judge failed to give reasons for the sentence as required by CCrP 894.1.
See e.g., State v. Ratcliff, 564 So.2d 778 (La.App. 2d Cir.1990); State v. Lewis, 564 So.2d 739 (La.App. 2d Cir. 1990).
Similar language was contained in earlier reported cases, but usually as dicta and only where the sentence was reviewed for excessiveness. See e.g. State v. Brown, 427 So.2d 1284 (La.App. 2d Cir.1983); State v. Wilson, 438 So.2d 635 (La.App. 2d Cir. 1983). In the one earlier case in this circuit where the reviewability issue was squarely raised by the State, we deemed it unnecessary to resolve the issue because we concluded that the sentence appealed was justified by the PSI and the record and was not excessive. State v. James M. Bell, 438 So.2d 636 (La.App. 2d Cir.1983).
The supreme court cases usually cited in support of the language are State v. Curry, 400 So.2d 614 (La.1981); State v. Hicks, 403 So.2d 676 (La.1981), and State v. Bell, 412 So.2d 1335 (La.1982). Both Hicks and Curry, as we understand their respective cases, bargained to plead guilty in return for a specific sentence and not for a sentence limitation, ceiling or cap. Hicks was "specifically advised that as a part of the plea bargain he would be sentenced to serve 15 years ... which were to run concurrently with a life sentence ..." The "same circumstances" pertained in Curry, according to the Hicks court. 403 So.2d at 677.
*712 Bell did not agree to a specific sentence, but to a ceiling or sentence cap "not to exceed ten years," in his plea bargain. That court reviewed the sentence for excessiveness, affirming it, while complimenting the trial judge for his observance of CCrP 894.1, but further said:
It has been held by this court that where a specific [sic] sentence has been agreed to as ... a plea bargain, that sentence cannot be appealed as excessive and there is no need for the trial judge to give reasons for the sentence as required by Art. 894.1, State v. Curry ... This continues to be true. But we commend [the trial judge] for the practice followed here ... his close familiarity with defendant's history ...
412 So.2d at 1336-7. Emphasis supplied.
Bell agreed to plead to the lesser crime of attempted aggravated rape instead of the completed crime. One of the four elected justices on the Bell court noted in his concurrence that the maximum sentence imposed for the attempt should be affirmed "only" on the basis that the aggravated rape had been completed. J. Dennis, concurring, 412 So.2d at 1337.
Later noting the temptation to "rely on the fact that ... sentences were agreed to... [and] to summarily conclude ... to bar the defendant from complaining of ... excessive sentence," the court "squarely" concluded that
review of possible constitutional error is not absolutely precluded by a defendant's agreement to plead guilty or to receive a particular sentence.

State v. Jett, 419 So.2d 844, 852 (La. 1982).
The Jett court was comprised of Justices Calogero, Dennis, Watson and Lemmon, and pro tempore Justices Norris, who authored the opinion, and Sexton, both of this circuit, and Lobrano of the Fourth Circuit.
State v. Lewis, 434 So.2d 1261 (La.App. 1st Cir.1983), also questioned the correctness of earlier cases in that circuit that precluded a defendant from complaining of an excessive sentence that is agreed to as a part of a plea bargain. Three judges concurring, said
From all of this we conclude[d] that the "rule" of Curry and its progeny need not be applied in every case where a defendant and the court agree on the sentence to be imposed[.]
434 So.2d at 1263.
The cases of Curry, Hicks, and Bell, in our opinion, do not deprive a defendant the right of appealing, as excessive, a sentence imposed under a plea bargain for a sentence of not more than a stated number of years, sometimes referred to as a sentence limitation, cap or ceiling.
We believe our conclusion is correct primarily because the trial court exercises discretion as to the sentence to be imposed in such a situation. A court's sentencing discretion is subject to the constitutional guideline for excessiveness and to the statutory guidelines of CCrP Art. 894.1 for particularizing the sentence to the individual defendant and to his criminal conduct. The traditional purposes and goals for forbidding and punishing criminal conduct contemplate the exercise of sentencing discretion and appellate review of that exercise. See Justice Tate's concurring opinion, State v. Williams, 340 So.2d 1382, 1384-1389 (La.1976). LaFave & Scott, Handbook on Criminal Law, West Publishing Co., 5th Reprint 1980, Chap. 1, § 5. Our constitution guarantees review. Art. 1, §§ 19, 20.
It is the sentencing discretion of the trial court and not the plea bargain of the defendant that is reviewed under LSA-Const., Art. 1, §§ 19 and 20, when a sentence is appealed as excessive.
Where a defendant pleads guilty under a plea bargain for a specific sentence to a stated number of years, the trial court has no sentencing discretion to exercise or to have reviewed on appeal. The plea agreement between the state, the trial court, and the defendant for a specific sentence effectively deprives the court of all sentencing discretion.
The distinction between the reviewability of a bargained-for specific sentence and a sentence within a bargained-for sentence *713 limitation, or cap, or ceiling, was clearly drawn in the unanimous opinion by the full supreme court in State v. Smack, 425 So.2d 737, 738 (La.1983), authored by Justice Marcus:
The state agreed to a sentence limitation of five years and dismissal of the two remaining counts.... Defendant was sentenced to ... five years.
Defendant contends the trial judge erred in imposing an excessive sentence. This issue is before us for review [Citing State v. Pearson, 425 So.2d 704 (La. 1982), Bell].
Defendant's plea bargain was not for a specific sentence, but for a maximum sentence limitation. Therefore, State v. Hicks ... and State v. Curry ... are inapposite.
Emphasis and paragraphing supplied.
A defendant has the right to appeal a sentence for excessiveness. LSA-Const. Art. 1, § 20. Such an appeal questions whether the sentencing court has abused its discretion. The right to appeal, of course, may be intelligently waived. Art. 1, § 19. See State v. Simmons, 390 So.2d 504 (La.1980). An unconditional plea of guilty waives all non-jurisdictional defects in the proceedings prior to the plea, but does not waive a complaint of sentence excessiveness because the sentence occurs after the plea. State v. Williams, 340 So.2d 1382, 1383 (La.1976); State v. Cox, 369 So.2d 118 (La.1979). The bargain to plead guilty is only one factor to be considered when excessiveness of sentence is argued. State v. Jett, supra.
We hold that a waiver of the constitutional right to appeal a sentence, as excessive, is not to be assumed or inferred solely from the circumstances when a defendant bargains for a sentence limitation, ceiling or cap, under which the trial court has sentencing discretion.[1] In the absence of an express and intelligent waiver by the defendant, that sentence is reviewable.
As in Smack, Vail's plea bargain was not for a specific sentence, but for a maximum sentence limitation. Vail's plea bargain for a sentence not to exceed 30 years did not deprive the trial court of all sentencing discretion. As did Smack, Vail now appeals, as excessive, the sentence that was imposed. This issue is before us for review and, in accord with our constitutional duty, we review the sentence for excessiveness. LSA-Const. Art. 1, §§ 19, 20.
Cases by this court suggesting that sentences subject to a bargained-for ceiling or cap are not reviewable, which are contrary to State v. Smack, State v. Jett, cited supra, and to this opinion, are overruled. Cases from other circuits which may be contrary to this opinion are not followed. See, e.g., State v. Benton, 432 So.2d 334, footnote one (La.App. 1st Cir.1983).

SENTENCE REVIEW
On October 8, 1988, defendant and two accomplices, by design, went to a convenience store in West Monroe where one of the accomplices held a pistol on the attendant and demanded money. The attendant asked whether this was a joke. Vail then took the money from the cash register. One accomplice shot in the direction of the attendant who fell to the floor, feigning an injury, as Vail and his companions fled. A similar armed robbery occurred one week later and served as the basis for the charge of the second armed robbery and conspiracy counts against Vail that were dismissed under the plea bargain.
Vail concedes in brief that he agreed to a sentence of up to 30 years, but argues that the 25-year hard labor sentence imposed without benefit of probation, parole, or suspension of sentence is more severe than a 30-year hard labor sentence. He argues that since a person ordinarily may be paroled after serving one-third of his sentence, he expected to serve ten years at *714 most, but he now must serve 25 years. This argument ignores that all sentences for armed robbery are without benefit (LRS 14:64) and that during the course of Vail's guilty plea he acknowledged understanding, on two occasions the court's telling him that he was facing a sentence without benefit of probation, parole, or suspension of sentence.
Vail also argues the trial court did not adequately consider such factors as his age, 19, that he had a GED, and that he "readily admitted to his mistakes." The record belies this last claim. During his second and third statements to authorities, Vail admitted his initial statement was not true.
Reviewing the PSI report, the trial court noted that Vail is a single, 19-year-old native of Monroe who had a seventh grade education, no occupation, and two younger siblings. As a juvenile, Vail had been involved in shoplifting and theft incidents. He was later confined to LTI as a juvenile for committing a burglary and was placed on supervised probation in January 1986. In November 1986 Vail was confined for an armed robbery in which a firearm was shot in the direction of the victim. Vail thereafter fled confinement, committing a simple escape, for two months. He was then rearrested and committed to the department of corrections as an adult. He was released from custody on September 26, 1988, and committed the armed robbery here involved less than two weeks after being released.
Vail and his accomplices consciously sought out a store with only one attendant to rob. A shot was fired at the attendant. Earlier that night Vail and his accomplices robbed the attendant of another store in Rayville.
The trial court, mentioning the factors of CCrP Art. 894.1, found that Vail's conduct threatened serious harm and that he and others had planned the robbery. Vail's extensive history of delinquency and the short period between his release and the commission of the armed robbery indicated the likelihood of future criminal misconduct. The court concluded that Vail was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of Vail's conduct.
Vail faced from 5 to 99 years at hard labor, without benefit, for each armed robbery. The plea bargain significantly reduced Vail's sentence exposure. The trial court adequately complied with the requirements of Art. 894.1. The trial court's reasons for sentence are supported by the record.
Vail's background of property offenses and armed robbery shows him to be a danger to society. His prior escape from custody and violation of probation warrant incarceration. LRS 14:64 requires it.
Considering the circumstances of this crime and Vail's history, the sentence imposed is not needless or purposeless. It does not shock our sense of justice and is not an abuse of the trial court's broad sentencing discretion.

DECREE
The sentence appealed is AFFIRMED.
HIGHTOWER, J., concurs with written reasons.
HIGHTOWER, Judge, concurring.
I concur with the affirmance of the sentence, but emphatically disagree with the language of the majority opinion allowing, under the circumstances of this case, appellate review of the sentence imposed.
Specifically, the question regarding appellate review of a trial court's order of incarceration, within the limits of a bargained-for plea agreement, is more appropriately handled as per State v. Bell, 412 So.2d 1335 (La.1982); State v. Lewis, 564 So.2d 739 (La.App. 2d Cir.1990); and State v. Ratcliff, 564 So.2d 778 (La.App. 2d Cir. 1990). Those cases recognize that when a defendant agrees to a sentence ceiling pursuant to a plea bargain, and the court acts within that limit, he cannot complain of excessiveness.
Clearly, this is the more logical conclusion. When a defendant, fearful of a possible lengthy jail term, agrees to a "cap," he *715 effectively precludes the trial court from imposing sanctions beyond the parameters agreed upon, and he additionally prevents the state from seeking a greater sentence. Hence, he should not later be able to complain of the result achieved through the very agreement he negotiated. Any other position will unjustifiably favor the offender, and exact a heavy price in undermining the reasonableness of the criminal justice system.
The average, law-abiding citizen expects more finality from criminal proceedings. Already suspicious of the plea bargaining process, he can certainly find, within the majority's rationale, additional reasons for frustration and resentment. Public dissatisfaction with such illogicality heightens daily.
Therefore, I concur with the affirmance, but respectfully disagree with the indicated statements of the majority.
NOTES
[1] A defendant may reduce his sentencing exposure for an armed robbery other than by bargaining for a sentence limitation, ceiling, or cap. A plea to any of the crimes in the responsive verdict article (814 A 22, attempted armed robbery, first degree robbery, attempted first degree robbery, simple robbery, or attempted simple robbery) similarly and in varying degrees would have reduced Vail's exposure.