774 So.2d 1089 (2000)
STATE of Louisiana, Appellee,
v.
Evette ALEXANDER, Appellant.
No. 34,328-KA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 2000.
*1090 Charles L. Kincade, Monroe, Counsel for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, H. Stephens Winters, Assistant District Attorney, Counsel for Appellee.
Before BROWN, KOSTELKA and DREW, JJ.
BROWN, J.,
Defendant, Evette Alexander, pled guilty as charged to one count of hit-and-run driving with a fatality, a violation of La. R.S. 14:100(C)(2), punishable by the imposition of a fine and not more than ten years imprisonment with or without hard labor. In return, the state and the court agreed to a sentence cap of five years.[1] The district court imposed a sentence of five years at hard labor and denied a timely motion for reconsideration. We find no merit to defendant's claims that her sentence is excessive and affirm.

Discussion
The matters of record show that on September 15, 1999, at about ten p.m., defendant was observed driving fast and in a reckless fashion a white and blue automobile on Dellwood Drive in Monroe, Louisiana. Defendant was drinking beer and talking with a male companion, Tony Roe, at the time. Roe observed an elderly man walking in the roadway and told defendant to watch out for him. Defendant, however, continued to look at and talk to Roe. The car driven by defendant struck the pedestrian, Joe Potts, who was thrown into the passenger's side of the windshield with enough force to cause it to shatter. Defendant drove around a corner, where Roe made her stop the car so he could get out to look at Potts, who was severely injured. Defendant drove away without rendering aid or reporting her identity. After being sustained on life support machines for a week, Potts died.
Where a specific sentence or sentence cap has been agreed to as a consequence of a plea bargain, a sentence imposed within the agreed upon range cannot be appealed as excessive and there is no need for the trial judge to give reasons for the sentence as required by La.C.Cr.P. art. 894.1. State v. Bell, 412 So.2d 1335 (La.1982); State v. Moore, 32,707 (La. App.2d Cir.10/27/99), 743 So.2d 877; State v. Brown, 427 So.2d 1284 (La.App. 2d Cir. 1983); State v. Bonnett, 535 So.2d 535 (La.App. 3d Cir.1988), writ denied, 541 So.2d 869 (La.1989). Since the defendant, the state and the court agreed to a five-year sentence cap, the subsequent sentence, which was imposed within the agreed upon range, cannot be appealed as excessive.
Even if we were to review the sentence, we would find no constitutional error. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.04/02/97), 691 So.2d 345.
A suspended sentence is not mandated simply because a defendant is a first felony offender. State v. Williams, 32,993 (La.App.2d Cir.03/01/00), 754 So.2d 418; State v. Woodman, 28,004 (La.App.2d Cir.01/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.05/03/96), 672 So.2d 696. The court may consider whatever factors and evidence it deems important to a determination of the best interest of the public and the defendant. Id.
Defendant, age 31, is a first felony offender. She admitted to drinking while driving. She and her seven children live with her mother. Her youngest child is nine. Defendant is unemployed, but supports her family with food stamps and welfare. At the time of this accident she had no driver's license but was driving while under the influence of alcohol. Although *1091 all participants agreed that this tragic incident was an accident it nonetheless resulted in a death. The court noted that although defendant knew she had struck someone, she made no attempt to determine the extent of his injuries or whether she could offer assistance. The court also elicited from defendant that she had made no attempt to contact the victim's family to apologize or express remorse.
Considering all the facts and circumstances of this matter, there is no showing of a manifest abuse of discretion in the imposition of this mid-range, agreed upon sentence.
We have examined the record for error patent but found none.

Conclusion
Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The state also agreed to dismiss an unrelated pending charge of aggravated assault.