JjLOLLEY, J.
LaCharleston White (“White”) seeks review of his conviction and. two-year .sentence by the . Twenty-Sixth Judicial. District Court in the Parish of Webster for simple escape. La. R.S. 14:110(A)(1), For the following reasons, we-affirm the conviction and sentence.
On October 2, 2001, White was in the custody of officers of the Minden Police Department due to a probation violation. White was on a work crew when he intentionally ran from the area without permission and was later arrested at his home.
White pleaded guilty pursuant to a plea bargain in which the parties and the trial court agreed the sentence to be imposed would be two years, consecutive to any other sentence to be served.[1] The trial *982 court imposed a sentence of two years at hard labor and denied a pro se motion for review and correction of an illegal sentence. This appeal by White ensued.
White’s court-appointed appellate attorney filed a brief and motion in this court stating that she had conscientiously and thoroughly reviewed the trial court record and found no non-frivolous issues to raise on appeal, nor any trial court ruling to arguably support White’s appeal. See, Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Mouton, 95-0981 (La.04/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). In addition to summarizing the procedural history and the facts of the case, the court-appointed attorney’s [gbrief provided a detailed, reviewable assessment of whether the appeal was worth pursuing.
In accordance with Anders, Mouton and Benjamin, supra, White’s appellate counsel also notified him of his right to file a pro se brief and sought to withdraw from the case. This court held the motion to withdraw in abeyance and advised White of his right to file an appellate brief within 30 days of our October 9, 2003 Order deferring a ruling on counsel’s motion to withdraw. White never responded to the notice.
We have examined all the pleadings filed in the trial court, the court proceedings, the bill of information and all transcripts contained in the record. White was properly charged by bill of information which was signed by an assistant district attorney. He was present in court and represented by counsel at all important stages of the proceedings. A review of the trial court transcript reveals there was a factual basis for the guilty plea, that White was properly advised of his rights, and that he agreed to the sentence which was imposed. Since the sentence imposed is within that range, it cannot be appealed as excessive, and there was no need for the trial judge to give reasons for the sentence as required by La. C. Cr. P. art. 894.1. See, La. C. Cr. P. art. 881.2(A)(2); State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Bell, 412 So.2d 1335 (La.1982); State v. Rice, 26,478 (La.App.2d Cir.12/07/94), 648 So.2d 426, writ denied, 95-0431 (La.06/16/95), 655 So.2d 340; State v. Brown, 427 So.2d 1284 (La.App. 2d Cir. 1983). The sentence imposed is lawful.
| sEven if we were to review the constitutionality of White’s sentence, we would find it is commensurate with the offense of conviction. The sentence, which is the statutory minimum, neither shocks the sense of justice nor does it constitute a purposeless and needless infliction of pain and suffering. The legislatively prescribed range for the offense of conviction is not less than two years nor more than five years. White received great benefit from his plea bargain. Notably, White, who at the time of his guilty plea was 31 years old and had a high school education, has prior convictions for armed robbery, unauthorized entry of an inhabited dwelling, and simple robbery. He has also violated parole.
Our independent review disclosed no non-frivolous issues and no rulings which arguably support an appeal. We also examined the record for errors patent. Finding none, we affirm the conviction and sentence, and appellate counsel’s motion to withdraw is granted.
AFFIRMED.

. The plea bargain also secured the dismissal of a charge of distribution of cocaine in an unrelated case, in which White agreed to plead guilty to another distribution charge *982 with an agreed sentence of seven years at hard labor.