h STEWART, J.
In exchange for a twenty-five year sentencing cap, defendant John Davis (“Davis”) pled guilty to armed robbery in violation of La. R.S. 14:64 which is punishable by imprisonment for no less than ten years nor more than ninety-nine years at hard labor, without benefit of parole, probation, or suspension of sentence. The court imposed a sentence of 15 years at hard labor. Alleging that the sentence is excessive, Davis appeals. However, finding no merit in the defendant’s claims, we affirm the judgment of the trial court.
FACTS
The record shows that on August 9, 2003, John Davis and Devangelo Graham broke into the home of seventy-nine year old O.D. Hawkins and his mother, ninety-six year old Adelle Hawkins. One of the assailants held a shotgun on Mr. Hawkins while the other picked up Mr. Hawkins’ one hundred year old shotgun. They then took one thousand dollars in cash and the shotgun, destroyed two phones, and fled. However, the defendant later turned himself in.
DISCUSSION

Excessive Sentence

The matter of excessive sentence raised on appeal is not properly before this court. Where a specific sentence or a sentence cap has been agreed to as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive and there is no need for the trial judge to give reasons for the *1261 sentence as normally required by La. C. Cr. P. art. 894.1. State v. Bell, 412 So.2d 1335 (La.1982); State v. Brown, 427 So.2d 1284 (La.App. 2d Cir.1983); State v. Bonnett, 535 So.2d 535 (La.App. 3d Cir.1988), writ denied, 541 So.2d 869 (La.1989).
The defendant urges this court to allow review in cases where a defendant can make a reasonable argument that the facts mitigate for a lower penalty that imposed by the trial court. Here, the sentence imposed by the trial court was only five years above the minimum, and ten years below the cap agreed upon in the plea bargain agreement. The trial judge discussed his reasoning, and stated that defendant seemed to be a minor player in the crime. Thus, we reject defendant’s claim of excessive sentence.
As to the court’s failure to expressly grant credit for timed served, under La.C.Cr.P. art. 880, a defendant shall receive credit for time spent in actual custody prior to imposition of sentence. However, the 1997 amendment to La.C.Cr.P. art. 880 is designed to make credit for prior custody self-operating even on a silent record. State v. Ignot, 29,745 (La.App. 2d Cir.09/24/97), 701 So.2d 1001, writ denied, 99-0336 (La.6/18/99), 745 So.2d 618. Thus, there is no need for this court to remand this matter for an amendment to the minutes to reflect credit for time served as is suggested by the defendant. This assignment is without merit.
CONCLUSION
Based on the above and foregoing, we affirm the defendant’s conviction and sentence are affirmed.
AFFIRMED.