NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-981

STATE OF LOUISIANA

VERSUS

JASON L. THOMAS

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2018-0516
HONORABLE ERROL DAVID DESHOTELS, JR., DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and D. Kent Savoie, Judges.

SENTENCE AFFIRMED AS AMENDED;
REMANDED WITH INSTRUCTIONS.

Chad Guidry
Attorney at Law
P. O. Box 447
Kinder, LA 70648
(337) 738-2280
COUNSEL FOR DEFENDANT-APPELLANT:
    Jason L. Thomas

**H. Todd Nesom**
**District Attorney, Thirty-Third Judicial District**
**Joe Green**
**Assistant District Attorney**
**P. O. Box 839**
**Oberlin, LA 70655**
**(337) 639-2641**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**PICKETT, Judge.**

## FACTS

On February 12, 2018, the defendant, Jason L. Thomas, was charged by bill of information with one count of sexual battery, in violation of La.R.S. 14:43.1, and one count of home invasion, in violation of La.R.S. 14:62.8. On July 13, 2018, the bill was subsequently amended to specify the sexual battery was being charged under La.R.S. 14:43.1(A)(3)(a)(i), namely it specified the victim had paraplegia, quadriplegia, or some other physical disability that prevented them from resisting.

The state presented the following factual basis prior to sentencing:

And just a brief factual allegation, a factual allegation, Your Honor, would be that the individual, defendant, apparently was familiar with the victim. She lived in the neighborhood where he lived. She lived by herself a lot and was physically unable, a lot of times, to move on her [own]. She was checked out or checked on by neighbors. On this particular occasion the defendant knocked on the door and opened it without her - - she may have asked, I think, who is it, and he just came on in without saying anything, proceeded to get on the bed with her - - the victim was wearing a diaper at the time - - and proceeded to bite the diaper in the crotch area so that the victim was able to feel that on her genitals and vaginal area, although it was not skin on skin contact. He also grabbed her breast which had become exposed as he writhed with her on the bed. She had told him repeatedly to leave, to leave, to leave, and he did not do so. She got - - she was able to call a cousin, mutual friend of theirs - -

On July 16, 2018, the defendant pled guilty to the original charge of sexual battery, in violation of La.R.S. 14:43.1; and an amended charge of simple burglary of an inhabited dwelling, in violation of La.R.S. 14:62.2. Following a pre-sentence investigation (PSI), the trial court on September 27, 2018, sentenced the defendant to eight years at hard labor without benefit of probation, parole, or suspension of sentence on the sexual battery charge and six years at hard labor, the first without benefits, on the simple burglary charge. The defendant's sentences were ordered to run concurrently, and he received credit for time served.

On October 23, 2018, the defendant filed a motion to reconsider sentence, alleging simply that "the sentence imposed upon him is excessive. That motion was denied without a hearing on October 24, 2018.

The defendant now appeals his sentences, arguing once more that they are excessive. The state alleges the defendant is precluded from seeking review of his sentences because his guilty plea waived "any right to appeal from the decision of the court."

## ASSIGNMENT OF ERROR

Defendant-Appellant contends that his sentences are excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there is one error patent involving the sentence imposed for simple burglary of an inhabited dwelling.

The trial court erred in ordering the first year of the defendant's simple burglary of an inhabited dwelling sentence to be served without benefit of parole. Although the penalty provision for simple burglary of an inhabited dwelling previously required the first year of the defendant's sentence to be served without benefit of probation, parole, or suspension of sentence, the penalty provision was amended in 2017.[1] Effective August 1, 2017, the restriction of benefits was removed. La.R.S. 14:62.2; 2017 La. Acts No. 281, § 1; and La.Const. art. 3, § 19. Thus, at the time the defendant committed the offense at issue, October 19, 2017, the penalty provision for simple burglary of an inhabited dwelling no longer

---

[1]In *State v. Washington*, 11-490, p. 4 (La.App. 3 Cir. 11/2/11), 76 So.3d 1264, 1267, this court noted that in *State v. Boowell,* 406 So.2d 213 (La.1981), the supreme court held that only the first year of a sentence imposed for simple burglary of an inhabited dwelling may be without the benefit of parole, probation, or suspension of sentence.

authorized the first year to be served without benefit of probation, parole, or suspension of sentence. It is well-settled that the penalty provision in effect at the time of the commission of the offense applies. *State v. Parker*, 03-924 (La. 4/14/04), 871 So.2d 317.

This court hereby amends the defendant's sentence for simple burglary of an inhabited dwelling to delete the denial of parole eligibility and instructs the district court to make an entry in the minutes reflecting this change. *State v. Batiste*, 09-521 (La.App. 3 Cir. 12/9/09), 25 So.3d 981, and *State v. Dupree*, 07-98 (La.App. 3 Cir. 5/30/07), 957 So.2d 966.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant contends his sentences are constitutionally excessive. Before addressing the defendant's assignment of error, however, we will first address the state's contention that the defendant waived his right to seek review of his sentence during his guilty plea.

The state's contention is that language in the plea form indicated the defendant was waiving, amongst others, "any right to appeal from the decision of the court." The state contends this generalized language includes appealing the excessiveness of his sentence. The state further argues the defendant understood the sentencing range for his crimes and "specifically agreed to a sentence in that range." This argument lacks merit. The record in this matter is clear that no sentencing recommendation was agreed to by the defendant, hence the trial court ordered a PSI and even the state acknowledged in its brief that the defendant pled "in exchange for the amendment of charges and to have the sentences run concurrently." In *State v. Moten*, 14-1169 (La.App. 3 Cir. 3/4/15), 158 So.3d 972, *writ denied*, 15-609 (La. 2/5/16), 186 So.3d 1162, this court rejected the argument that a the defendant waives his right to appeal his sentence by pleading guilty

3

simply because the crime to which he pled guilty contained a statutorily defined maximum sentence.  This court specifically stated:

> Because the State fails to indicate in the record any agreement with Defendant regarding a sentencing cap, the State is evidently arguing that the ninety-nine year maximum per La.R.S. 14:64 is tantamount to a sentencing cap. However, this court has repeatedly denied the contention that the statutory maximum sentence for a crime is a sentencing cap which would preclude a defendant from appealing their sentence under La.Code Crim.P. art. 881.2(A)(2). Specifically, in *State v. Curtis,* 04–111, p. 2 (La.App. 3 Cir. 8/4/04), 880 So.2d 112, 114, *writ denied,* 04–2277 (La.1/28/05), 893 So.2d 71, this court held that it was "not automatically precluded from reviewing a sentence unless the plea agreement provides a specific sentence or sentencing cap." *See also State v. Pickens,* 98–1443 (La.App. 3 Cir. 4/28/99), 741 So.2d 696 (en banc), *writ denied,* 99–1577 (La.11/5/99), 751 So.2d 232, and *writ denied,* 01–2178 (La.4/19/02), 813 So.2d 1081 (citing *State v. Simmons,* 390 So.2d 504 (La.1980)); *State v. Colar,* 04–1003 (La.App. 3 Cir. 2/2/05), 893 So.2d 152.
>
> In the instant case, the Plea of Guilty form signed by Defendant fails to list either a specific sentence or a sentencing cap. Additionally, the trial court's language when ordering the PSI clearly indicates a lack of agreement between Defendant and the State as to a sentence. Accordingly, we find that Defendant is not precluded from appealing his sentence, and we will now address Defendant's assigned error.

*Id.* at 974.

Additionally, *State v. Vail*, 571 So.2d 710 (La.App. 2 Cir. 1990), held that the defendant must expressly waive his right to appeal his sentence.  The court stated, "In the absence of an express and intelligent waiver by the defendant, that sentence is reviewable." *Id*. at 713.  The record shows the trial court discussed the defendant's right to an appeal, and his waiver of said right, but nothing in the record indicates the defendant's right to appeal his sentence was ever mentioned. Furthermore, the only portion of the plea agreement which contains language regarding his sentence is "I further agree to the imposition of the sentence attached hereto under Plea Recommendation and any further orders of the court in connection therewith."  Again, there was no plea recommendation in this case, and the defendant was never specifically told he was waiving his right to appeal his

4

sentence. The defendant's excessive sentence claim is properly before this court, and we will therefore address that claim.

Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Louisiana courts have laid out the following guidelines with regard to excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958[, *cert. denied*, 96-6329, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261 (first alteration in original).

Furthermore, in *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *and writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three-factor test from *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. Although the defendant filed a motion to reconsider sentence, his only claim was that his sentences were excessive. Accordingly, we will review the defendant's claim as a bare excessiveness claim in light of the *Baker* factors.

*NATURE OF THE CRIMES*

The defendant stands convicted of two crimes, sexual battery and simple burglary. Both crimes are defined as crimes of violence under La.R.S. 14:2(B).

Furthermore, sexual battery is a sex offense which requires sex offender registration upon conviction and under La.R.S. 14:43.1(C)(1) carries a sentencing range of "imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years." Simple burglary of an inhabited dwelling, a crime which involves danger to the public, carries a sentencing range under La.R.S. 14:62.2(B) of imprisonment "at hard labor for not less than one year nor more than twelve years." Both of the defendant's crimes, are serious violent crimes which carry the potential for significant periods of imprisonment.

*NATURE OF OFFENDER*

The defendant was forty-four years old at the time he pled guilty. As noted at sentencing, the defendant's only prior felony conviction occurred fifteen years previously, although the defendant did have multiple arrests since then. The defendant contends he is not the "worst of the worst," and therefore does not deserve a near-maximum sentence, citing *State v. Baker*, 42,428 (La.App. 2 Cir. 9/19/07), 966 So.2d 124. However, the second circuit also noted in *Baker* that:

> As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Robinson,* 36,147 (La.App.2d Cir.12/11/02), 833 So.2d 1207. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. *State v. Black,* 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, *writ denied,* 96–0836 (La.9/20/96), 679 So.2d 430; *State v. Rankin,* 41,128 (La.App.2d Cir.8/23/06), 938 So.2d 1172.

> A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. *State v. Guzman,* 1999–1753 (La.5/16/00), 769 So.2d 1158; *State v. June,* 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.

*Id.* at 126.

Although the defendant contends he "had valid defenses to the original charges[,]" the fact remains he pled guilty in exchange for reduced charges, thus reduced sentencing exposure, and for concurrent sentences. At sentencing, defense counsel noted "we was [sic] obviously afraid of what a jury might do with that larger sentencing range. He pled no contest for a reason."

*SENTENCES FOR SIMILAR OFFENSES*

This court has repeatedly found maximum sentences acceptable for defendants convicted of sexual battery. *See State v. Fontenot*, 09-624 (La.App. 3 Cir. 12/9/09), 25 So.3d 225; *State v. J.G.*, 06-541 (La.App. 3 Cir. 9/27/06), 939 So.2d 655; and *State v. Morgan*, 97-997, 97-998 (La.App. 3 Cir. 2/4/98), 706 So.2d 1084. Furthermore, as noted by this court in *State v. Vallery*, 04-1589 (La.App. 3 Cir. 4/6/05), 899 So.2d 836, it is appropriate to consider reduced sentencing exposure when a plea agreement greatly reduces said exposure. Importantly, this court stated:

> It should also be noted that the Defendant pled guilty to forcible rape when the facts fully supported the original charge of aggravated rape. In *State v. Lanclos,* 419 So.2d 475 (La.1982), the supreme court addressed the issue of whether a maximum sentence was appropriate following a plea agreement. The *Lanclos* court held that because the lesser offense to which the defendant pled did not adequately describe the first time offender's conduct, the trial court did not abuse its discretion in imposing the maximum sentence. Likewise, in this case, the Defendant pled guilty to forcible rape, an offense that does not adequately describe the conduct shown in the record as directed toward the eleven-year-old victim, which conduct is more accurately described as conduct constituting aggravated rape.
>
> Additionally, the Defendant was originally charged with aggravated rape, a violation of La.R.S. 14:42. By agreeing to plead guilty to forcible rape, a violation of La.R.S. 14:42.1, the Defendant received a significant benefit by reducing his sentence exposure from a minimum of life imprisonment to a maximum of forty years imprisonment. The sentence was within the statutory range for forcible rape.

*Id.* at 839-40.

8

Much like the defendant in *Vallery*, the defendant received a substantial benefit in accepting a plea agreement which reduced his exposure for sexual battery from a range of twenty-five to ninety-nine years at hard labor, with a minimum of twenty-five years without benefits on the sexual battery charge to a maximum of ten years. Furthermore, the reduction of home invasion to simple burglary of an inhabited dwelling reduced the defendant's potential sentence from a thirty-year maximum to a twelve-year maximum. Although the defendant's eight-year sentence for sexual battery is eighty percent of the maximum he could have received under the plea agreement, it represents less than a third of the mandatory minimum he would have faced given the enhanced penalty provision under which he had previously been charged. Furthermore, his six-year sentence for simple burglary is half the maximum he could have received under the plea agreement, but is only twenty percent of the maximum he could have faced under the initial charge of home invasion and is running concurrently to his sexual battery sentence. Considering the above, we find the trial court did not abuse its discretion in sentencing the defendant as it did. Accordingly, the defendant's sentences are affirmed.

## CONCLUSION

This court hereby amends the defendant's sentence for simple burglary of an inhabited dwelling to delete the denial of parole eligibility and instructs the district court to make an entry in the minutes reflecting this change. Otherwise, the defendant's sentences are affirmed.

**SENTENCE AFFIRMED AS AMENDED;
REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.

9