966 So.2d 124 (2007)
STATE of Louisiana, Appellee,
v.
Anderson BAKER, Appellant.
No. 42,428-KA.
Court of Appeal of Louisiana, Second Circuit.
September 19, 2007.
*125 William Jarred Franklin, Louisiana Appellate Project, for Appellant.
Schuyler Marvin, District Attorney, C. Sherburne Sentell, III, Assistant District Attorney, for Appellee.
Before GASKINS, CARAWAY and DREW, JJ.
GASKINS, J.
The defendant, Anderson Baker, appeals as excessive his sentence to ten years at hard labor, without benefit of parole, probation, or suspension of sentence after his plea of guilty to sexual battery. For the following reasons, we affirm the defendant's conviction and sentence.

FACTS
In December 2005, the defendant committed sexual battery of a minor by intentionally inserting his fingers in the victim's vagina and sucking or biting her breast.[1] The defendant's DNA was found on the child's breast. At the time of the offense, the victim was 13 years old and the defendant was 27. The defendant was originally charged with one count of forcible rape and one count of sexual battery.
On September 9, 2006, the defendant entered a plea of guilty to the charge of sexual battery. In exchange for the plea, the charge of forcible rape was dismissed. A presentence investigation (PSI) report was ordered by the trial court.
On November 8, 2006, the defendant appeared before the court for sentencing. The defendant asked to make a statement to the court. He was sworn and stated that the victim lived in his household and, on the night of the incident, she was pulling his hair while he was frying potatoes. He said that he turned around and bit her in the chest.
*126 The court noted that the defendant was a first felony offender. A previous simple burglary charge had been reduced to misdemeanor theft and the defendant also had a conviction for disturbing the peace. The court recognized that the defendant was not eligible for probation in this case due to the very nature of the charge. The court ordered the defendant to serve ten years at hard labor, without benefit of parole, probation, or suspension of sentence, and ordered that the sentence be served consecutively with any other sentence imposed. The defendant was given credit for time served and was properly informed of the time for applying for post conviction relief.
The defendant filed a motion to reconsider sentence which was denied by the trial court. The defendant then appealed, claiming that his sentence is excessive.

EXCESSIVE SENTENCE

Law
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not a rigid or mechanical compliance with its provisions. A trial judge shall exercise his sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829 (La.1981). In tailoring the sentence to the individual, the important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Bradford, supra.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Robinson, 36,147 (La.App.2d Cir.12/11/02), 833 So.2d 1207. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430; State v. Rankin, 41,128 (La.App.2d Cir.8/23/06), 938 So.2d 1172.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, XXXX-XXXX (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.

Discussion
At sentencing, the defendant addressed the court and admitted the sexual battery, but denied raping the victim. He *127 argues that the physical evidence did not support the victim's claim that she was raped. According to the defendant, plea bargains should not be used to justify imposition of the maximum sentence for the lesser charge to which a defendant pleads guilty. The defendant maintains that the trial court based his sentence on the rape charge which was dismissed and which the defendant denies.
The defendant claims that he is not a "worst offender" and therefore the imposition of the maximum sentence for sexual battery was excessive. He argues that the trial court failed to consider that he had no prior felony convictions and that he had no misdemeanor convictions for violent or sexual crimes.
In sentencing the defendant, the court referred to the PSI report which, according to the court, showed that the victim had been raped. According to the court, the defendant took advantage of a family member who was a minor. The court also specifically pointed out that the defendant was being sentenced for sexual battery and not for any other offense. The court noted that the defendant was not eligible for probation due to the nature of the charge.[2] The court acknowledged that the victim's mother encouraged the imposition of the maximum sentence possible in this case due to the long-term effects of the defendant's actions on the victim and her family.
As reflected in the PSI report, the defendant had a prior criminal history. Originally charged with simple burglary in 1996, the defendant pled guilty to misdemeanor theft. The defendant also had a prior conviction for disturbing the peace. The court recognized that the present offense represented the defendant's first felony conviction. Based upon these factors, we find that the trial court adequately complied with La.C.Cr.P. art. 894.1 and set forth the factual basis for the sentence.
Even though the defendant received the maximum sentence possible for sexual battery, under the facts of this case, the sentence is not excessive. The victim was only 13 years old at the time of this non-consensual offense and was a close relative of the defendant. The defendant received the benefit of a favorable plea bargain agreement, which is a valid consideration in sentencing. The sentence imposed does not shock the sense of justice, is not grossly out of proportion to the seriousness of the offense, and does not needlessly inflict pain and suffering. The sentence is tailored to both the offender and the offense.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Anderson Baker, for sexual battery.
AFFIRMED.
NOTES
[1] The victim's name is not used in this opinion due to the confidentiality requirements applicable to this case under La. R.S. 46:1844(W).
[2] La. R.S. 14:43.1 provides in pertinent part:

C. (1) Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years.