NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**KA 17-1109**

**STATE OF LOUISIANA**

**VERSUS**

**NICHOLAS JAMES FACIANE**

**-AKA- NICHOLAS FACIANE**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 54567-L
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and
Candyce G. Perret, Judges.

**JUDGMENT AFFIRMED. REMANDED WITH INSTRUCTIONS.**

**Martin Edward Regan, Jr.**
**Graham Da Ponte**
**Regan Law, P.L.C.**
**2125 St. Charles Avenue**
**New Orleans, LA 70130**
**(504) 522-7260**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Nicholas James Faciane**

**Hon. Keith A. Stutes**
**Lafayette Parish District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **State of Louisiana**

**John V. Ghio**
**Assistant District Attorney, 15th Judicial District Court**
**100 N. State Street, Suite 215**
**Abbeville, LA 70510**
**(337) 898-4320**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **State of Louisiana**

**PERRET, Judge.**

Defendant, Nicholas James Faciane, entered a plea of no contest to six counts of felony carnal knowledge of a juvenile, violations of La.R.S. 14:80, and six counts of contributing to the delinquency of a juvenile, violations of La.R.S. 14:92, in lower court docket number 54567, appellate docket number 17-1109. Defendant also pled no contest to separate charges in three additional dockets. Defendant appeals his sentences in all dockets as excessive and argues that the case should be remanded for resentencing due to the trial court's failure to articulate sentencing considerations. For the following reasons, we affirm and remand with instructions.

**Factual and Procedural Background:**

On October 25, 2011, Defendant was charged by four separate grand jury indictments with thirty-seven counts of sexual offenses against two different victims—M.L. and T.R.B. The indictments were filed under four separate lower court docket numbers. In lower court docket number 54567 (appellate docket number 17-1109), the subject of the instant appeal, Defendant was charged with thirteen counts of felony carnal knowledge of a juvenile (M.L.), violations of La.R.S. 14:80(A)(1), and one count of contributing to the delinquency of a juvenile (M.L.), a violation of La.R.S. 14:92(A)(7). By handwritten amendment, "Count 14" was amended to "Count 1-13," effectively charging Defendant with thirteen counts of contributing to the delinquency of a juvenile (M.L.). In lower court docket number 54568 (appellate docket number 17-1110), Defendant was charged with six counts of indecent behavior with a juvenile (M.L.), violations of La.R.S. 14:81. In lower court docket number 54569 (appellate docket number 17-1111), Defendant was charged with one count of aggravated crime against nature (M.L.), in violation of

La.R.S. 14:89.1(A)(6),[1] and one count of contributing to the delinquency of a juvenile (M.L.), in violation of La.R.S. 14:92. Lastly, in lower court docket number 55016 (appellate docket number 17-1112), Defendant was charged with one count of sexual battery (T.R.B.), in violation of La.R.S. 14:43.1(A)(1); one count of indecent behavior with a juvenile (T.R.B.), in violation of La.R.S. 14:81(A)(1); and one count of contributing to the delinquency of a juvenile (T.R.B.), in violation of La.R.S. 14:92(A)(9).

On January 23, 2017, Defendant entered pleas of no contest to eighteen offenses:

Docket 54567—Felony carnal knowledge of a juvenile, six counts;

Docket 54567—Contributing to the delinquency of a juvenile, six counts;

Docket 54568—Indecent behavior with a juvenile, three counts;

Docket 54569—Aggravated crime against nature, one count;

Docket 55016—Sexual battery, one count; and

Docket 55016—Indecent behavior with a juvenile, one count.

The nineteen remaining counts were dismissed as a result of the no contest plea.

The State submitted the following as a factual bases for Defendant's pleas of no contest:

On the docket 54567, should this matter had gone to trial the State would have shown that the Defendant, Nicholas James Faciane, did between the dates of May 2008 and September 2010 did knowingly, intentionally and willfully commit carnal knowledge of a juvenile, having the initials of M.L. whose date of birth is 9/20/93, by having sexual intercourse with a consent [sic] with a person who is 13 years of age or older, but less than 17 years of age, where the difference between age of the offender and the victim is four years or greater, in violation of Revised Statute 14:80A(1). And that's six counts of felony carnal

---

[1]This provision of La.R.S. 14:89.1 was in effect at the time Defendant committed the offense (August 2010—September 2010). However, the statute was amended in 2014.

knowledge. In addition thereto, the State would've shown also that on the same time period, he did intentionally entice, aid, solicit or permit a child, having the initials of M.L., same date of birth 9/20/93, under the age of 17 to perform any sexually immoral acts in violation of Revision 14:92A(7). And again, it's six counts on that. On the docket number 054568, should this matter had gone to trial, the State would've shown that on or about May 2008 to September 2008 the defendant being a person of age over 17 years did willfully, unlawfully and intentionally commit lewd or lascivious acts upon or in the presence of a juvenile having the initials of M.L., whose date of birth is 9/20/93 who had not yet obtained the age of 17 and where there's an age difference of greater than two years between the two persons, with the intention of arousing or gratifying sexual desires of himself in violation of Revision 14:81, and that's three counts of that. On the docket number 054569, should this matter had gone to trial, the State would've shown that between August 2008 and September 2010, that the defendant did commit the crime of unnatural carnal copulation of the offender with another of the opposite sex, being particularly M.L. whose date of birth is 9/20/93, and said victim is under the age of 17 years and the defendant is at least three years older than the victim in violation of 14:89.1. And we dismissed count two under that. Under docket number 055016, should this matter had gone to trial, the State would've shown that between the years of 2005 and 2008, the defendant did intentionally commit the touching of the anus and genitals of the victim, having the initials of T.R.B. date of birth 3/15/94, by the offender using any instrument or any part of the body under 15 years of age and at least three years younger than the offender in violation of 14:43.1, and under count two of said indictment the defendant being a person over the age of 17 did willfully, unlawfully and intentionally commit lewd and lascivious acts upon or in the presence of a juvenile, T.R.B. date of birth again is 3/15/94, who had not yet obtained the age of 17 and where there's an age difference of greater than two years between the two persons with the intention of arousing or gratifying sexual desires of the offender in violation of code 14:81. And the State is dismissing count three under that. And that's the basis of the plea.

The parties also stipulated to a statement of facts set forth in the pre-sentence investigation report (PSI).

On May 2, 2017, the trial court imposed the following sentences:

Docket 54567—Felony carnal knowledge of a juvenile, six counts—a $5,000 fine and ten years at hard labor (for each count); concurrent.

Docket 54567—Contributing to the delinquency of a juvenile, six counts—a $1,000 fine and two years at hard labor (for each count); concurrent.

3

Docket 54568—Indecent behavior with a juvenile, three counts—a $5,000 fine and seven years at hard labor (for each count); concurrent.

Docket 54569—Aggravated crime against nature, one count—fifteen years at hard labor, without benefit of probation, parole, or suspension of sentence.

Docket 55016—Sexual battery, one count—ten years at hard labor, without benefit of probation, parole, or suspension of sentence.[2]

Docket 55016—Indecent behavior with a juvenile, under the age of 13, one count—twenty-five years at hard labor, without benefit of probation, parole, or suspension of sentence, and personal property used in the commission of the offense to be seized and impounded in accordance with La.R.S. 15:539.1.

The trial court ordered all sentences in the four dockets to run concurrently, with a "maximum sentence of 25 years at hard labor." Defense counsel objected to the sentences as excessive. Subsequently, Defendant filed a pro se Motion to Reconsider Sentence that was later denied on June 12, 2017. On June 1, 2017, Defendant filed a pro se motion for appeal, which was granted.

On January 10, 2018, Defendant's appellate counsel filed a motion in the trial court to disclose the PSI report. The trial court denied the motion on January 23, 2018. On February 5, 2018, appellate counsel filed in this court a motion titled, "Motion to Include Pre-Sentence Investigation Report in Record." In that motion, Defendant requested that the PSI be included in the appellate record and that he be given access to the PSI. On February 23, 2018, this court rendered an Order on Defendant's motion in which we: (1) denied appellate counsel's request to include the PSI in the record; (2) denied appellate counsel's request for access to the PSI;

---

[2]We note that the trial court referred to the wrong statute when sentencing Defendant for sexual battery. Sexual battery is set forth in La.R.S. 14:43.1, but the trial court referred to La.R.S. 14:46.1 (false imprisonment while armed with a dangerous weapon). This error appears to be a misstatement of the statute's number only since the sentence imposed was legal for sexual battery, and the trial court referred to the offense itself as sexual battery.

and (3) ordered that appellate counsel be given until March 5, 2018, to file a writ application with this court seeking review of the trial court's denial of appellate counsel's motion to disclose the PSI, which only challenged appellate counsel's access to the PSI. Appellate counsel did file such a writ application, and it was denied on April 10, 2018. *State v. Faciane*, 18-199 (La.App. 3 Cir. 4/10/18) (unpublished opinion).

This court granted Defendant's Motion to Consolidate for Docketing Purposes. Now before the court is the same brief filed in the separate appeals of all four lower court docket numbers. Defendant appeals his sentences as excessive and argues that the case should be remanded for resentencing due to the trial court's failure to articulate sentencing considerations. As discussed below, we find no merit in Defendant's assignments of error.

**Pre-Sentence Investigation Report:**

In accordance with La.Code Crim.P. art. 877(C), the PSI report "shall" be made a part of the appellate record when a defendant seeks review of an excessive sentence. It is necessary for this court to review the PSI in this case considering the trial court's lack of reasons for sentencing.[3] This court's prior Order denying counsel's request to make the PSI part of the appeal record was inadvertent and is now reversed. Thus, we will consider the PSI on appeal. However, we maintain the portion of the Order denying counsel's access to the PSI, as well as the subsequent writ ruling by this court. Defendant's trial counsel had the opportunity to review the report at sentencing and had no objections.

_____

[3] Although the PSI is part of the appellate record and is thus proper for this court to consider and refer to, the details of the PSI will not be set forth in this court's opinion. *See* La.Code Crim.P. art. 877 and *State v. Trahan*, 367 So.2d 752 (La.1978) (in which the supreme court referred to information in the PSI even though the PSI had been furnished under seal).

**Errors Patent:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing this record, we find there are two errors patent. Additionally, the sentencing minutes for this docket need correction.

As for the first error patent, the original indictment appears to have charged Defendant with more than one offense in each count. The original indictment charged Defendant with felony carnal knowledge of a juvenile in "Count 1-13" and contributing to the delinquency of a juvenile in "Count 14." By handwritten amendment, "Count 14" was amended to "Count 1-13." As a result of the amendment, Defendant was charged with thirteen counts of felony carnal knowledge of a juvenile and thirteen counts of contributing to the delinquency of a juvenile.

This court has previously found that a similar error was waived by the defendant's failure to file a motion to quash and by the defendant's guilty plea:

> First, the face of the bill of information indicates that the defendant was originally charged with one count of aggravated second degree battery occurring on or about September 7, 2000, a violation of La.R.S. 14:34.7. The State amended the bill to charge the defendant with aggravated battery occurring on or about "10-22-98 and September 7, 2000" and listed the victim as Michael Berry. It appears that the bill charged two distinct crimes in a single count. Louisiana Code of Criminal Procedure Article 493 allows for the joinder of two or more offenses in the same bill *in a separate count for each offense* if certain requirements are met. Here, the bill indicates that these incidents occurred two years apart. Therefore, we find that the inclusion of the two distinct crimes in one count of the bill was error; however, for the reasons discussed below, we find that any error was waived.
>
> This court in *State v. Simpson,* 464 So.2d 1104, 1109 (La.App. 3 Cir.1985), defined duplicity as "the charging of more than one distinct crime in one count of an indictment." The fourth circuit, in a case in which the indictment improperly charged the defendant disjunctively rather than conjunctively, held that a claim that an indictment is duplicitous is not a jurisdictional defect and is waived if not timely

asserted in a motion to quash. *State v. Defraites,* 449 So.2d 540 (La.App. 4 Cir.), *writ denied,* 452 So.2d 179 (La.1984). Here, no motion to quash was filed. Additionally, when the defendant entered his guilty plea, he waived any pre-plea non-jurisdictional defects. Thus, we find any error was waived.

*State v. Wilson*, 07-365, pp. 1-2 (La.App. 3 Cir. 10/3/07), 968 So.2d 776, 778. Similarly, we conclude the error in the present case was waived by Defendant's failure to file a motion to quash and by Defendant's entry of no contest pleas.

As for the second error patent, the trial court imposed illegally lenient sentences for the six counts of felony carnal knowledge of a juvenile. Effective August 15, 2010, the legislature enacted section (D)(2)(a) of La.R.S. 14:80, which requires the trial court to order the seizure and impoundment of any personal property used in the commission of felony carnal knowledge of a juvenile. 2010 La. Acts No. 763 § 1. The trial court did not order the seizure and impoundment of personal property used in the commission of the offenses in the present docket number. Thus, the sentences imposed for felony carnal knowledge of a juvenile are illegally lenient. However, while authority is granted and discretionary under La.Code Crim.P. art. 882, this court will not consider an illegally lenient sentence unless it is an error raised on appeal. *See State v. Celestine*, 11-1403 (La.App. 3 Cir. 5/30/12), 91 So.3d 573; *State v. Jacobs*, 08-1068 (La.App. 3 Cir. 3/4/09), 6 So.3d 315, *writ denied*, 09-755 (La. 12/18/09), 23 So.3d 931.

Additionally, the sentencing minutes require amendment because they fail to impose the terms of imprisonment and the fines *on each count*. According to the sentencing transcript, the trial court imposed the terms of imprisonment and the fines *on each count*. Thus, the sentencing minutes must be amended to correctly reflect the imposition of the terms of imprisonment and fines *on each count*.

7

**Assignments of Error:**

In two assignments of error, Defendant contends that the trial court imposed unconstitutionally excessive sentences and failed to comply with La.Code Crim.P. art. 894.1. The trial court imposed the maximum terms of imprisonment and fines for each of the offenses to which Defendant pled no contest but ordered the sentences in all four dockets to run concurrently. If the trial court had ordered Defendant's sentences to run consecutively, Defendant's term of imprisonment would have totaled 143 years, and his fines would have totaled $51,000.00. By ordering the sentences to run concurrently, Defendant's total term of imprisonment is twenty-five years without the benefit of probation, parole, or suspension of sentence, and his total fine is $5,000.00. Additionally, nineteen counts were dismissed as a result of Defendant's no contest pleas. For the reasons discussed below, we find Defendant's sentences are not excessive.

*Arguments in Brief*

In assignment of error number one, Defendant argues that he is not the worst type of offender; thus, he should not have received the maximum sentence on each offense. Defendant additionally asserts he received no benefit from his no contest pleas since the charges that were dismissed "were counts of the same offenses to which he pled." According to Defendant, there is no indication that the trial court considered Defendant's decision to plead no contest as a mitigating factor when determining his sentences. In assignment of error number two, Defendant asserts the trial court failed to comply with the requirements of La.Code Crim.P. art. 894.1 because it did not state a factual basis for the sentences and failed to state the factors it considered in imposing the sentences.

In response, the State contends Defendant is limited to a review for constitutional excessiveness. Defendant's sentences are not excessive, the State asserts, considering the nature of the crimes, the length of time the crimes occurred, the age of the victims, and the dismissal of nineteen counts pursuant to his plea agreement.

As for Defendant's claim in assignment of error number two that the trial court failed to comply with La.Code Crim.P. art. 894.1, the State counters that the record clearly indicates the trial court considered the factors outlined in La.Code Crim.P. art. 894.1 because the court had the PSI and character witness testimony on behalf of Defendant. Additionally, the State quotes *State v. Cottingin*, 476 So.2d. 1184, 1186 (La.App. 3 Cir. 1985): "When there is an adequate factual basis for the sentence contained in the record, a trial court's failure to articulate every circumstance listed in La.C.Cr.P. Art. 894.1 will not necessitate a remand for resentencing."

*Analysis*

Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

At sentencing, Defendant's counsel raised a general objection as to the excessiveness of the sentences imposed. Defendant then filed a pro se written motion to reconsider sentence, asserting that his sentences were excessive for the following reasons: (1) he has no history of prior criminal activity; (2) imprisonment has caused an excessive hardship on his family; (3) he is not the worst type of offender and the offenses are not the worst type of offenses; and (4) he pled no contest, obviating the need for a trial. In neither the oral motion nor the written motion did Defendant raise the issue of the trial court's failure to comply with La.Code Crim.P. art. 894.1. Thus, this argument has not been preserved as a separate issue.[4] In *State v. Seawright*, 16-956, p. 8 (La.App. 3 Cir. 5/24/17) (unpublished opinion), this court stated the following:

> To the extent counsel argues that the district court failed to properly support the sentence with reasons, that argument has not been preserved as a separate issue. This court has explained: "Because the defendant did not raise in his oral motion to reconsider sentence that the trial court failed to comply with La.Code Crim.P. art. 894.1, he cannot raise that for the first time on appeal. *See* La.Code Crim.P art. 881.1(E) and Uniform Rules—Courts of Appeal, Rule 1–3." *State v. Matthew*, 07–1326, p. 4 (La.App. 3 Cir. 5/28/08), 983 So.2d 994, 997, *writ denied*, 08–1664 (La. 4/24/09), 7 So.3d 1193. Therefore, this portion of the assignment lacks merit.

Accordingly, we will not address the trial court's failure to comply with La.Code Crim.P. art. 894.1 as a separate issue but will address Defendant's excessive sentence claim based on his counsel's general objection to the excessiveness of the sentences and those claims raised in Defendant's motion to reconsider sentence.

Louisiana courts have laid out the following guidelines regarding excessive sentence review:

---

[4]The trial court's lack of reasons will be discussed as it relates to this court's excessive sentence review.

10

Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of [a] sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1[, 3] (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784[, p. 2] (La.5/31/96); 674 So.2d 957, 958[, *cert. denied*, 96-6329, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

In the present case, the trial court failed to articulate any reasons for the sentences imposed and did not discuss any of the factors set forth in La.Code Crim.P. art. 894.1. This court has stated the following regarding the trial court's failure to comply with La.Code Crim.P. art. 894.1:

> As noted in *State v. Smith,* 433 So.2d 688, 698 (La.1983) (citations omitted), "[w]hile the trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." This does not mean, however, that the trial judge's failure to comply with Article 894.1 renders a sentence invalid, as the goal of this article is articulation of the factual basis for a sentence, "not rigid or mechanical compliance with its provisions." *State v. Lanclos,* 419 So.2d 475, 478 (La.1982). Accordingly, if "the record clearly shows an adequate factual basis for the sentence imposed[,] . . . remand is unnecessary, even where there has not been full compliance with Article 894.1." *Id.*

*State v. H.A., Sr.*, 10-95, pp. 25-26 (La.App. 3 Cir. 10/6/10), 47 So.3d 34, 50. Despite the trial court's failure to articulate reasons, the record in the present case clearly shows an adequate factual basis for the sentences imposed. The sentences are supported by the testimony introduced at the sentencing hearing, the PSI, and other evidence in the record.

At the sentencing hearing, the trial court heard testimony from Defendant's mother, Roxanne Broussard, regarding Defendant's diagnosis as a child with Dyslexia, Attention Deficit Disorder, visual perception deficit, audio perception deficit, and short-term memory span. A 1988 evaluation by the school board classified Defendant as learning-disabled and speech-impaired. Subsequently, after an evaluation by a neurologist, Defendant qualified for Social Security Disability. Additionally, Ms. Broussard testified that Defendant had problems with drooling,

12

which could have been caused by complications during her pregnancy. Ms. Broussard agreed that Defendant's school records also showed that Defendant had inappropriate, unselected, and often excessive displays of affection.

On cross-examination, Ms. Broussard testified that Defendant was evaluated in the first and fifth grades. Ms. Broussard agreed that Defendant knew right from wrong and agreed that Defendant left the country when he was released on bond. Although Ms. Broussard insisted Defendant had the right to leave the country, she acknowledged that the U.S. Marshal had to bring Defendant back. Ms. Broussard further testified that Defendant ran a business involving boats and barges as well as an oilfield company. When asked by the trial court if Defendant was mentally ill, Ms. Broussard replied that Defendant was not mentally ill but had a lot of learning disabilities.

At the sentencing hearing, the trial court also noted that a PSI had been prepared and that both sides had the opportunity to review the report. The State had no objection to the report and wanted the PSI to be part of the record. Defense counsel also had no objection to the original PSI, stated he had reviewed the PSI, and that both sides had supplemented the PSI. Defense counsel additionally asked that the information be placed under seal since it contained Defendant's medical and psychological records from his childhood. The trial court sealed Defendant's medical records as well as the PSI. Subsequently, the State submitted the victims' impact statements (included in the PSI), which the trial court stated would be reflected in the record.

Although the trial court clearly knew a PSI had been prepared and included it as part of the record, the trial court did not specifically state that it was considered when the court imposed the sentences. Since the court ordered the preparation of

13

the PSI and noted one was prepared and reviewed by both sides, it is reasonable to conclude the PSI contributed to the trial court's determination of the sentences imposed. *See State v. Simmons*, 466 So.2d 777 (La.App. 4 Cir. 1985). Thus, this court has reviewed the PSI and will discuss its contents.

The PSI contains information regarding Defendant's criminal history, details of the sexual abuse Defendant inflicted upon both victims, details regarding Defendant's relationship with both victims, and it includes a statement by Defendant. Finally, the PSI's author provides the court with a recommendation as to Defendant's sentence.

According to the birthdates listed in the grand jury indictment, Defendant was thirteen years older than M.L. According to the charging instruments, the abuse of M.L. began when she was fifteen and continued until she was seventeen, and the abuse of T.R.B. began when she was eleven and continued until she was fourteen.

At sentencing, Defendant introduced his school records under seal, a psychological evaluation, and documents relating to his Social Security Disability. Prior to sentencing, the trial court presided over Defendant's no contest pleas, pursuant to which the State dismissed nineteen charges against Defendant. Additionally, according to a Motion to Revoke Bond filed by the State on November 12, 2015, Defendant failed to appear in court on May 9, 2013; July 25, 2013; and November 4, 2013. Approximately two years later, on November 6, 2015, Defendant was apprehended in Mexico. According to the minutes of a hearing held on February 1, 2016, Defendant admitted to the allegations set forth in the Motion to Revoke Bond. Considering the above evidence, we conclude the record contains a factual basis that supports the sentences imposed.

Defendant also had nineteen charges dismissed as a result of his no contest pleas. Thus, Defendant received the benefit of a reduced sentencing exposure. Defendant also received a substantial benefit from the trial court's imposition of concurrent sentences since there is jurisprudence that supports the imposition of consecutive sentences in this case. For instance, this court in *State v. H.B.,* 06–1436, p. 7 (La.App. 3 Cir. 4/4/07), 955 So.2d 255, 260, stated, "Review of the jurisprudence shows that different victims, places, or dates mean different transactions and different schemes or plans." Additionally, this court has stated the following:

> In *State v. Thibodeaux,* 05–1187 (La.App. 3 Cir. 3/1/06), 924 So.2d 1205, *writ denied,* 06–700 (La.10/6/06), 938 So.2d 65, this court upheld three ten-year-consecutive sentences after Thibodeaux pled guilty to three counts of molestation of a juvenile. The offenses in *Thibodeaux* were not based on the same act or transaction and occurred over a five-year period for one victim and over a six-month period for the other two victims. *Id.* at 1214. This court further noted that Thibodeaux's acts reflected a propensity to prey on those unable to protect themselves, particularly the mentally handicapped victim. *Id.* The record contained evidence of threats of violence and actual acts of violence by Thibodeaux as well as evidence that Thibodeaux sought to purchase a firearm while out on bond. *Id.*
>
> In *State v. Mickens,* 31,737 (La.App. 2 Cir. 3/31/99), 731 So.2d 463, *writ denied,* 99–1078 (La.9/24/99), 747 So.2d 1118, the second circuit upheld consecutive sentences for one count of molestation of a juvenile and one count of indecent behavior with a juvenile (both offenses committed against the same victim). Mickens was sentenced to ten years for molestation of a juvenile and seven years for indecent behavior with a juvenile. In particular, the second circuit noted that Mickens was in a common-law relationship with the victim's mother and violated his paternal role in the commission of the crimes. *Id.* at 472. Additionally, the second circuit noted that consecutive sentences are not uncommon in cases involving acts of molestation over an extended period of time by persons in the same household as the victim. *Id.* at 473.

*State v. Roy*, 15-516, pp. 11-12 (La.App. 3 Cir. 11/4/15), 177 So.3d 1112, 1119.

Defendant cites several inapposite cases in support of his argument that a lesser sentence should have been imposed, including *State v. Fontenot*, 09-624 (La.App. 3 Cir. 12/9/09), 25 So.3d 225 and *State v. Morgan*, 97-997 (La.App. 3 Cir. 2/4/98), 706 So.2d 1084. Defendant also cites *State v. Robinson*, 49,821 (La.App. 2 Cir. 5/20/15), 166 So.3d 395, *writ denied*, 15-1400 (La. 9/16/16), 206 So.3d 201, to distinguish its facts from the present case. Defendant notes that in *Robinson*, 166 So.3d at 401, the second circuit affirmed a twenty-five year sentence for indecent behavior with a juvenile under thirteen after the trial court opined that the defendant's abuse of his stepchildren constituted a "continuing, uninterrupted, incessant and malicious, sinister period of criminal conduct" and that the defendant used his parental authority to facilitate the crimes. However, those facts cited from *Robinson* are similar to the present case since Defendant used his position as M.L.'s older brother-in-law, with whom M.L. lived during some of the abuse, to entice the victims at very young ages with alcohol and eventually sexual encounters.

This court also recently approved a total sentence of fifty years at hard labor without benefit of parole, probation, or suspension of sentence for seven counts of sex offenses committed by an almost sixty-year-old man against a boy between the ages of thirteen and fifteen. *State v. Cormier*, 17-854 (La.App. 3 Cir. 3/21/18) (unpublished opinion). Addressing the excessiveness of the sentences imposed, this court stated the following:

> For a comparison of sentences imposed in similar cases, the State notes *State v. Marshall*, 16–777 (La.App. 1 Cir. 10/31/16) (unpublished opinion). Marshall was convicted of sexual battery of a victim under the age of thirteen and aggravated incest. For sexual battery, Marshall was sentenced to forty-five years at hard labor without benefit of parole, probation, or suspension of sentence, and for aggravated incest to ten years at hard labor. *Id.* The sentences were ordered to run consecutively, for a total sentence of fifty-five years. Like Defendant in the present case, Marshall argued that the sentence was essentially a

16

life sentence considering his age of sixty. *Id.* Additionally, Marshall argued the trial court did not know anything about him and that the record lacked information as to his criminal history. *Id.* The first circuit upheld the sentences, finding the record contained an adequate factual basis for the sentence imposed:

> The record clearly established an adequate factual basis for the sentences imposed. The defendant lived together for several years with J.M. and her mother, and ostensibly took on the roles of guardian and caretaker. The defendant used this parental relationship to exploit J.M.'s trust and sexually abuse her. See State v. Kirsch, 2002-0993 (La. App. 1st Cir. 12/20/02), 836 So.2d 390, 395–96, writ denied, 2003-0238 (La. 9/5/03), 852 So.2d 1024.

> Considering the trial court's review of the circumstances and the nature of the crimes, we find no abuse of discretion by the trial judge. Accordingly, the sentences imposed by the trial judge are not grossly disproportionate to the severity of the offenses and, therefore, are not unconstitutionally excessive. The trial judge did not err in denying the motion to reconsider sentence(s).

*Id.* at p. 3.

Noting that a trial court may consider factors not listed in La.Code Crim. P. art. 894.1, the State asserts the present trial court considered Defendant's likelihood of reoffending, Defendant's refusal to accept responsibility, the two victim impact statements, and the likely permanent damage caused to the victim. Considering these factors, the State argues the sentences imposed were not excessive.

> . . . .

> . . . Considering the nature of the crime, the possible sentence that could have been imposed, and the restriction of this review to a bare excessiveness review, we conclude that the trial court did not abuse its discretion in imposing the sentences in the present case.

*Cormier*, 17-854 at pp. 11-13. Likewise, the total sentence in the present case is not excessive.

Additionally, as stated earlier, the trial court imposed the maximum terms of imprisonment and fines for each of the offenses to which Defendant pled no contest, however, it ordered the sentences in all four dockets to be served concurrently. Thus,

17

instead of serving a term of imprisonment totaling 143 years and a $51,000.00 fine, Defendant's total term of imprisonment is twenty-five years, and his total fine is $5,000.00. Defendant will, in effect, serve only one maximum sentence. *See Fontenot*, 25 So.3d 225.

In summary, Defendant pled no contest to eighteen sexual offenses. Defendant used his position as M.L.'s older brother-in-law to perpetrate his crimes against M.L. and her friend, T.R.B., enticing the young girls with drugs and alcohol. Defendant received a substantial benefit by the dismissal of charges pursuant to his no contest pleas and by the trial court's imposition of concurrent sentences. Despite Defendant's status as a first-felony offender and the trial court's failure to articulate its specific reasons under La.R.S. 14:894.1 for the sentences imposed, the record supports the sentences. Defendant's assertion in his motion to reconsider sentence that his sentences will cause an excessive hardship on his family does not support the imposition of lesser sentences. Likewise, Defendant's assertion that the trial court failed to consider his no contest plea as a mitigating factor does not support the imposition of lesser sentences. Additionally, Defendant's assertions that he is not the worst offender and that the offenses he committed are not the worst offenses are irrelevant since he is not serving the maximum sentence on each offense consecutively. Finally, we note the supreme court's repeated admonition "that sentence review under the Louisiana constitution does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is more appropriate in a given case." *State v. Savoy*, 11-1174, p. 5 (La. 7/2/12), 93 So.3d 1279, 1283 (citing *State v. Walker*, 00-3200 (La. 10/12/01), 799 So.2d 461). Accordingly, we find that Defendant's assignments of error lack merit.

18

**Conclusion:**

Defendant's convictions and sentences are affirmed, subject to the amendment to Defendant's sentence in 55016, as discussed in *State v. Faciane*, 17-1112 (La.App. 3 Cir. __/__/18), __ So.3d __. The sentencing minutes for this docket, 54567, are ordered to be amended to correctly reflect the trial court's imposition of the terms of imprisonment and fines *on each count*.

**JUDGMENT AFFIRMED. REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.